UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KYLE D. SCHNEIDER,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-201-DRL-MGG

CENTURION MEDICAL SERVICES,

    Defendant.

## OPINION AND ORDER

Kyle D. Schneider, a prisoner without a lawyer, filed a complaint alleging he was denied medical treatment by employees of Centurion Medical Services at the Miami Correctional Facility in September 2021. ECF 2. The only defendant was Centurion Medical Services. The court screened the complaint and found it did not state a claim because it did not allege Mr. Schneider suffered an injury as a result of a policy or custom of Centurion. *See Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (*Monell* liability only exists "when execution of a [corporation's] policy or custom . . . inflicts the injury."). Mr. Schneider was granted leave to file an amended complaint.

In the amended complaint, he again sues only Centurion Medical Services. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The amended complaint alleges, Centurion has a "custom, practice, and/or policy of hiring unskilled healthcare employees." ECF 14 at 2. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Under *Monell*, a private company performing a government function "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). "The 'official policy' requirement for liability under § 1983 is to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (citations, internal quotation marks, and emphasis omitted).

The amended complaint does not clearly identify a policy or provide enough detail to plausibly suggest that it was an official policy that caused Mr. Schneider's injury in this case. *See Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (observing that *Monell* requires a plaintiff to show that an official policy "was the 'moving force' behind his constitutional injury"). The amended complaint alleges, but does not provide facts showing, Mr. Schneider was injured because of a custom or practice. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated

incidents.") "At the pleading stage . . . a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Id*. The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

The original complaint did not state a claim because it did not allege Mr. Schneider was injured by a custom, practice, or policy of Centurion Medical Services. He was granted leave to amend because "[t]he usual standard in civil cases is to allow defective

3

pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). The amended complaint alleges he was injured by a custom, practice, or policy, but it does not allege facts from which it can be plausibly inferred that Centurion caused his injuries. The amended complaint says, "I will be suing only one defendant." ECF 14 at 1. Because the amended complaint does not state a claim against that defendant, this case must be dismissed.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 25, 2023                                              *s/ Damon R. Leichty*
                                                          Judge, United States District Court